**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0982n.06

**Case Nos. 10-4422, 10-6471**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 06, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURTS FOR THE |
| BYRON WRIGHT, | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO AND THE WESTERN |
| Defendant-Appellant (10-4422), | ) | DISTRICT OF TENNESSEE |
| | ) | |
| and | ) | |
| | ) | |
| ERIC TAYLOR, | ) | |
| | ) | |
| Defendant-Appellant (10-6471). | ) | |
| | ) | |
| _____ | ) | |

**BEFORE:  BATCHELDER, Chief Circuit Judge; McKEAGUE, and STRANCH, Circuit Judges.**

**ALICE M. BATCHELDER, Chief Judge.**  This is a consolidated appeal.  In 2009, Appellants Byron Wright and Eric Taylor pled guilty to and were convicted of possessing with the intent to distribute certain quantities of crack cocaine.  In 2010, they were sentenced under the statutory mandatory minimums that were in place at the time of their respective crimes.  *See* 21 U.S.C. § 841(b)(1) (2006 ed.).  But between their convictions and sentencing, the Fair Sentencing Act, 124 Stat. 2372, had taken effect.  That Act set new and more lenient mandatory minimum sentences for crack cocaine crimes.  Wright and Taylor argued below, and argue now on appeal, that their sentences should have been determined under the new standards set by the Fair Sentencing Act

instead of the sentencing standards in effect at the time of their crimes. In *Dorsey v. United States*, 567 U.S. __, 132 S. Ct. 2321, 2326 (2012), the Supreme Court agreed, holding that the Act's lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders.

Accordingly, we **VACATE** Wright and Taylor's sentences and **REMAND** for resentencing consistent with *Dorsey* and the Fair Sentencing Act.